IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXO GROUP, LTD., d/b/a GLAXOSMITHKLINE, | ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | Civil Action No. 05-99-GMS |
| | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| SPECTRUM PHARMACEUTICALS, INC., | ) ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) ) ) ) | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT-COUNTERCLAIMANT SPECTRUM PHARMACEUTICALS, INC.

Defendant Spectrum Pharmaceuticals, Inc. ("Spectrum") answers the Complaint of plaintiff Glaxo Group, Ltd., d/b/a GlaxoSmithKline as follows:

### NATURE OF ACTION

1.   Spectrum admits that Plaintiff has styled its action as an action for patent infringement.

2.   Spectrum is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 2 of the Complaint.

3.   Spectrum admits that Defendant Spectrum Pharmaceuticals, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 157 Technology Drive, Irvine, California 92618.

1

## JURISDICTION AND VENUE

4        Spectrum admits that the Complaint purports to set forth an action arising under the patent laws of the United States. Except as so admitted, Spectrum denies the allegations set forth in paragraph 4 of the Complaint

5        Spectrum admits that it is incorporated in the State of Delaware and that this Court has personal jurisdiction over Spectrum.

6        Spectrum admits that venue is proper in this court.

## CLAIM FOR RELIEF

7        Spectrum admits the allegations set forth in paragraph 7 of the Complaint

8        Spectrum admits the allegation set forth in paragraph 8 of the Complaint

9        Spectrum admits that U S Patent No 5,037,845 (the '845 patent") is entitled "Indole Derivative," that the '845 patent was issued on August 6, 1991, that the '845 patent is listed in the Food and Drug Administration's Approved Drug Products With Therapeutic Equivalence Evaluations (the "Orange Book") as expiring on August 6, 2008, that the '845 patent has been granted a pediatric exclusivity period expiring February 6, 2009, and that a copy of the '845 patent is annexed to the Complaint as Exhibit A, which copy speaks for itself Spectrum denies that the '845 patent was duly and legally issued and denies the allegations of paragraph 9 of the Complaint to the extent they characterize the '845 patent

10        Spectrum is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 10 of the Complaint and on that basis denies them

11        Spectrum admits that it has filed with the Food and Drug Administration (the "FDA") an Abbreviated New Drug Application ("ANDA") under the provisions of 21 U.S.C.

2

§355(j) seeking to engage in the commercial manufacture, use and/or sale of generic copies of sumatriptan succinate in injectable form before the expiration of the term of the '845 patent

12. Spectrum admits that it has made and included in its ANDA a certification under 21 U.S.C. §355(j)(2)(A)(vii)(IV) that, in its opinion and to the best of its knowledge, the '845 patent is invalid, unenforceable or will not be infringed by the manufacture, use and/or sale of generic copies of sumatriptan succinate in injectable form

13. Spectrum denies each and every allegation set forth in paragraph 13 of the Complaint.

14. Spectrum denies each and every allegation set forth in paragraph 14 of the Complaint

15. Spectrum denies each and every allegation set forth in paragraph 15 of the Complaint

16. Spectrum admits that it was aware of the '845 patent at the time it filed its ANDA. Except as so admitted, Spectrum denies the allegations set forth in paragraph 16 of the Complaint

17. Spectrum denies each and every allegation set forth in paragraph 17 of the Complaint

## ANSWER TO PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, Spectrum denies that Plaintiff is entitled to the judgment and relief prayed for in paragraphs A through F of the prayer for relief.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Each and every claim of the '845 patent is invalid under 35 U.S.C. § 101.

3

## SECOND AFFIRMATIVE DEFENSE

Each and every claim of the '845 patent is invalid under 35 U.S.C. § 102.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim of the '845 patent is invalid under 35 U.S.C. § 103.

## FOURTH AFFIRMATIVE DEFENSE

Each and every claim of the '845 patent is invalid under 35 U.S.C. § 112.

## FIFTH AFFIRMATIVE DEFENSE

Each and every claim of the '845 patent is invalid for double patenting.

WHEREFORE, Spectrum requests that all counts of Plaintiff's Complaint be dismissed with prejudice and that Spectrum be awarded its reasonable attorneys' fees and costs and such other and further relief as the Court deems just and appropriate.

## COUNTERCLAIM

Counterclaim Plaintiff Spectrum Pharmaceutical, Inc. ("Spectrum") for its Counterclaim against Counterclaim Defendant Glaxo Group Limited d/b/a GlaxoSmithKline ("Glaxo"), alleges and avers as follows:

## THE PARTIES

1. Counterclaim Plaintiff Spectrum is a Delaware corporation having a principal place of business at 157 Technology Drive, Irvine, California, 92618.

2. On information and belief, Counterclaim Defendant Glaxo is a company organized under the laws of England and having an office and place of business at Glaxo Wellcome House, Berkeley Avenue, Greenford, Middlesex UB6 ONN, United Kingdom.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202. The basis for declaratory judgment is, as fully appears below, an actual controversy between Spectrum and Glaxo arising under the United States Patent Laws, Title 35 of the United States Code. This Court has jurisdiction over these claims pursuant to Title 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under Title 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## GLAXO'S ORANGE BOOK PATENT

5. U.S. Patent No. 5,037,845 ("the '845 patent"), entitled "Indole Derivative," issued on August 6, 1991 naming Alexander W. Oxford as the sole inventor. A true and correct copy of the '845 patent is attached as Exhibit A.

6. On information and belief, Glaxo is the current owner by assignment of the '845 patent.

## GLAXO'S NDA AND SPECTRUM'S ANDA

7. On information and belief, Glaxo holds an approved new drug application ("NDA") No. 20,080, for IMITREX® injection (the "Glaxo Sumatriptan Injectable Product"), the active ingredient of which is identified in said NDA as sumatriptan succinate.

8. Spectrum has filed with the FDA an ANDA under the provision of 21 U.S.C. §355(j), seeking approval to engage in the commercial manufacture, use and/or sale of generic copies of sumatriptan succinate in injectable form (the "Spectrum Sumatriptan Injectable Product") before the expiration of the term of the '845 patent.

5

## THE ACTUAL CONTROVERSY

9. Spectrum, as an applicant for an ANDA, is required to make certifications with respect to patents owned or licensed by the NDA holder and which are published in the Orange Book, relating to the Glaxo Sumatriptan Injectable Product.

10. One of the United States patents that is assigned to Glaxo listed in the Orange Book or Electronic Orange Book (www.fda.gov/cder/ob/default.hum) for the Glaxo Sumatriptan Injectable Product is the '845 patent.

11. Spectrum filed an ANDA on October 22, 2004 with the FDA seeking approval from the FDA to manufacture, use and/or sell the Spectrum Sumitriptan Product. In connection with its ANDA, Spectrum submitted a Paragraph IV Certification with the FDA pursuant to 21 C.F.R. §314.94(a)(12) that the '845 patent is invalid, unenforceable or will not be infringed by the manufacture, use, or sale of the Spectrum Sumitriptan Product which Spectrum submitted by its application.

12. On or about January 4, 2005, Spectrum sent Notice of its Paragraph IV Certification regarding the '845 patent to Glaxo along with a detailed factual and legal basis of the certification.

13. On February 18, 2005, Glaxo filed an action for patent infringement of the '845 patent against Spectrum (the "Glaxo Complaint").

14. By virtue of the Glaxo Complaint, an actual and justiciable controversy exists between Glaxo and Spectrum as to whether there is any valid claim of the '845 patent that could be infringed by the manufacture, use and/or sale of the Spectrum Sumatriptan Injectable Product, and whether Glaxo has the legal right to preliminarily and/or permanently enjoin Spectrum from manufacturing, using, selling and/or importing into the U.S. the Spectrum Sumatriptan Injectable

RLF1-2850247-1

Product Spectrum requires an immediate declaration of its rights as they relate to Glaxo with respect to the '845 patent

## COUNT I

## DECLARATION OF PATENT INVALIDITY

15. Spectrum repeats and realleges the allegations of Paragraph 1-14 as through fully set forth herein

16. This Count is for a declaration that the '845 patent is invalid.

17. Each and every claim of the '845 patent is invalid under 35 U.S.C. §101

18. Each and every claim of the '845 patent is invalid under 35 U.S.C. §102

19. Each and every claim of the '845 patent is invalid under 35 U.S.C. §103

20. Each and every claim of the '845 patent is invalid under 35 U.S.C. §112.

21. Each and every claim of the '845 patent is invalid for double patenting.

## COUNT II

## DECLARATION OF NON-INFRINGEMENT

22. Spectrum repeats and realleges the allegations of Paragraphs 1-21 as though fully set forth herein.

23. This Count is for a declaration that the Spectrum Sumitriptan Injectable Product does not infringe any claim of the '845 patent.

24. Spectrum has not infringed, contributed to the infringement of or induced infringement of any claim of the '845 patent.

WHEREFORE, Spectrum respectfully requests that the Court:

A. Adjudge that the claims of the '845 patent is invalid and not infringed by Spectrum,

B.    Adjudge that this is an exceptional case and that Spectrum be awarded its costs, reasonable attorneys' fees and expenses, and

C.    Award Spectrum such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Spectrum hereby demands a jury trial for all issues properly triable before a jury.

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
Matthew W. King (#4566)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Telephone: (302) 658-6541
E-mail: whetzel@rlf.com
E-mail: king@rlf.com
Attorneys for Defendant
SPECTRUM PHARMACEUTICALS, INC.

OF COUNSEL:

Michael J. Bettinger (Cal. Bar No. 122196)
Timothy P. Walker (Cal. Bar No. 105001)
Louis C. Cullman (Cal. Bar No. 168746)
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, California 94105
Telephone: (415) 882-8200

Dated: March 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing and Hand Delivered to the following:

**BY HAND DELIVERY**

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

/s/ Matthew W. King

Matthew W. King (#4566)
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
king@rlf.com