## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXO GROUP, LTD, d/b/a GLAXOSMITHKLINE,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC.,<br><br>    Defendant and Counterclaim-Plaintiff. | Civil Action No. 05-99-GMS |

## JOINT STATUS REPORT

In advance of the Rule 16(b) conference in the above-entitled action, set for May 24, 2005 at 2:00 p.m., counsel for the parties submit this Joint Status Report.

## JURISDICTION, SERVICE AND JOINDER OF PARTIES

The parties agree that this Court has subject matter jurisdiction over both the claims and counterclaims under 28 U.S.C. §§ 1331 and 1338(a). The parties further agree that the Court has personal jurisdiction over both parties. All parties have been served, and the parties do not anticipate that any additional parties will be joined.

## SUBSTANCE OF THE ACTION

A.    **Factual and Legal Bases for Plaintiff's Claims:**

Plaintiff and Counterclaim-Defendant Glaxo Group, Ltd, d/b/a GlaxoSmithKline ("GSK"), holds approved New Drug Application ("NDA") No. 020080 for Imitrex® injections. Imitrex® injections are used to treat migraine with and without aura. GSK owns U.S. Patent

1

No. 5,037,845 ("the '845 Patent") which claims, *inter alia*, sumatriptan succinate, the active ingredient in Imitrex® injections, as well as methods of treating migraines by administering Imitrex® injections. The '845 Patent does not expire until August 6, 2008. GSK has also been awarded an additional six-month period of pediatric exclusivity, which will not expire until February 6, 2009.

On October 22, 2004, Spectrum filed an Abbreviated New Drug Application ("ANDA") with the FDA for generic sumatriptan succinate in its injectable form, with certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging invalidity, unenforceability or non-infringement of the '845 Patent. On or about January 4, 2005, Spectrum sent Notice of its Paragraph IV Certification regarding the '845 Patent to GSK.

GSK then filed the present action contending that, pursuant to 35 U.S.C. § 271(e)(2), Spectrum infringed the '845 Patent by filing an ANDA seeking approval to engage in the commercial manufacture, use and/or sale of generic sumatriptan succinate injections before the expiration of the '845 Patent. Because various claims of the '845 Patent plainly encompass sumatriptan succinate injections, GSK contends that any manufacture, use, sale, offer for sale or importation of Spectrum's proposed generic sumatriptan succinate product prior to the expiration of the '845 Patent will directly infringe, contributorily infringe and/or actively induce infringement of the '845 Patent. GSK further contends that the '845 Patent is not anticipated or rendered obvious by any prior art found in Spectrum's Paragraph IV certification or elsewhere. GSK contends that Spectrum's arguments to the contrary are legally and factually without merit, and GSK will address them in detail at the proper juncture during the litigation.

**B.       Factual and Legal Bases for Defendant's Defenses and Counterlaims:**

Defendant Spectrum Pharmaceuticals, Inc. ("Spectrum"), is a Delaware corporation based in Irvine, California. Spectrum denies the claim of UK-based GSK that Spectrum's proposed sumatriptan succinate injectable product infringes the '845 Patent.

The record shows that GSK owns U.S. Patent No. 4,816,470 ("the '470 Patent"), which issued in March 1989 and which admittedly covers the injectable form of sumatriptan succinate. In view of the '470 Patent, the later-issued '845 Patent is not valid with respect to the injectable form of sumatriptan succinate. The '470 Patent expires December 28, 2006 and has been granted a pediatric exclusivity period expiring June 28, 2007. Spectrum does not intend to sell its sumatriptan succinate injectable product until after June 28, 2007.

Spectrum's Paragraph IV Certification, and its defense in this case, is based in part on the published application for the earlier-issued '470 Patent, listed together with the '845 Patent by GSK in the FDA's Approved Drug Products With Therapeutic Equivalence Evaluations (the "Orange Book") as covering sumatriptan succinate. By listing both the '845 Patent and the '470 Patent in the Orange Book, GSK asserted that both patents claim the same drug, even though there is no overlap of inventors and no terminal disclaimer in the later-issued '845 Patent.

During prosecution of the '845 Patent, GSK acknowledged that the published application for the '470 Patent disclosed, and that the '470 Patent claimed, a genus of drugs that included sumatriptan, but asserted that sumatriptan had unexpected properties when taken orally in tablet form. Accordingly, Spectrum contends that GSK's '470 Patent anticipates or makes obvious sumatriptan succinate in its injectable form and that GSK was required to expressly disclaim the injectable form of sumatriptan succinate in the '845 Patent.

## IDENTIFICATION OF ISSUES

The principal factual and legal issues in dispute include the following:

a.    whether Spectrum has infringed the '845 Patent and whether Spectrum's infringement was willful;

b.    whether Spectrum's manufacture, use or sale of the injectable form of sumatriptan succinate infringes the '845 Patent;

c.    whether the '845 Patent is valid to the extent it claims the injectable form of sumatriptan succinate;

d.    whether this case is exceptional; and

e.    whether either party is entitled to costs, reasonable attorneys' fees and expenses.

## NARROWING OF ISSUES

Because GSK contends that there is no basis for arguing that various claims of the '845 Patent do not cover an injectable sumatriptan succinate product, GSK proposed that Spectrum stipulate that its proposed injectable sumatriptan succinate product would infringe those claims of the '845 Patent should those claims be determined to be valid and/or enforceable.

Spectrum declines the proposal because it contends that the '845 Patent, as properly construed, does not cover the injectable form of sumatriptan succinate.

Otherwise, the parties are not currently aware of any issues that can be narrowed at this time by agreement or by motions.

## RELIEF

A.    **GSK seeks:**

1. A judgment that Spectrum has infringed one or more claims of the '845 Patent;

2. A permanent injunction restraining and enjoining Spectrum, its officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of generic sumatriptan succinate injections, as claimed in the '845 Patent;

3. An order that the effective date of any approval of the aforementioned ANDA for Spectrum's generic sumatriptan succinate injections shall not be earlier than February 6, 2009.

4. Should Spectrum make, use, sell or offer to sell its proposed sumatriptan succinate injectable product in the United States, or import such a product into the United States, before the expiration of the '845 Patent, damages for Spectrum's infringement of the '845 Patent, including treble damages for the willful infringement thereof;

5. A judgment that this case is exceptional and an award of costs, reasonable attorneys' fees and expenses.

B.     **Amount of Damages Sought and General Computation**

Until and unless Spectrum makes, uses, sells or offers to sell its proposed sumatriptan succinate injectable product in the United States, or imports such a product into the United States, before the expiration of the '845 Patent, GSK does not anticipate seeking damages from Spectrum.

C.     **Spectrum seeks:**

1.     A declaration that the '845 Patent is invalid to the extent it claims the injectable form of sumatriptan succinate;

2.  A declaration that Spectrum's proposed sumatriptan succinate injectable product does not infringe any claim of the '845 Patent; and

3.  A judgment that this case is exceptional and an award of costs, reasonable attorneys' fees and expenses.

### AMENDMENT OF PLEADINGS

The parties propose July 1, 2005, as the last date on which amendment to the pleadings will be permitted.

**A.    GSK's Position**

GSK does not anticipate amending its pleadings.  GSK will respond to any declaratory judgment counterclaim of patent unenforceability if and when such a counterclaim is filed by Spectrum.

**B.    Spectrum's Position**

Due to GSK's failure during prosecution of the '845 Patent to expressly disclaim the injectable form of sumatriptan succinate, and in light of the recent action filed against GSK in the Minnesota District alleging that GSK has manipulated the Patent Office to preclude generic drugs from coming to market, Spectrum is considering an amendment of its counterclaim for a declaration of patent unenforceability .

### PROPOSED SCHEDULE

The parties were unable to agree on a proposed schedule.  GSK's proposed schedule is attached hereto as Exhibit A.  Spectrum's proposed schedule is attached hereto as Exhibit B.

Although GSK has provided for Markman briefing and a Markman hearing in its proposed schedule as a result of Spectrum's positions, GSK believes that neither should be necessary given the clear scope of the patent claims involved.

## DISCOVERY

The parties propose that each side be permitted up to ten fact witness depositions, with a time limit of seven hours per deponent. The parties also propose that each side be permitted up to 25 interrogatories.

In the interests of efficiency and judicial economy, GSK has filed a motion on May 13, 2005, with the Judicial Panel on Multidistrict Litigation ("the Panel") to have this action transferred to the Southern District of New York for centralized coordinated or consolidated pretrial proceedings because a consolidated action involving challenges by other generic drug manufacturers to the validity of the '845 Patent is already proceeding in that district. For the reasons set forth in its motion papers, a copy of which were served on this Court, GSK contends that such a transfer is warranted by the rules governing multidistrict litigation and by the prior decisions of the Panel.

Spectrum will oppose GSK's motion as untimely and unnecessary. In particular, GSK has acknowledged that this case was brought in Delaware District Court because Spectrum cannot be sued in New York. Further, the New York action is directed to generic tablets to be taken orally, not the injectable form of sumatriptan succinate at issue in this case, and so involves distinct issues not present in the New York action. Fact discovery in the New York action is set to close on July 22, 2005, leaving Spectrum less than two months to complete discovery. In any event, Spectrum has agreed to cooperate in discovery to alleviate avoidable burdens without prejudicing Spectrum's own trial preparation.

GSK has proposed that it produce shortly to Spectrum the documents that have already been produced in the New York actions if Spectrum will participate in fact depositions in the New York actions. Spectrum has indicated that it will consider GSK's proposal but believes it may not have sufficient time to review the hundreds of thousands of pages and adequately prepare for the depositions currently being scheduled for the middle of next month.

### ESTIMATED TRIAL LENGTH

The parties estimate 5 to 7 days for this action to be tried to the court. The parties are currently unable to ascertain whether it will be possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence.

### JURY TRIAL

Neither party seeks a jury trial.

### SETTLEMENT

The parties have not yet entered into substantive settlement discussions. However, the parties believe there is a possibility that the case can be resolved prior to trial and request referral of a settlement conference to Magistrate Judge Thygne.

### OTHER MATTERS

The parties agree that a protective order will be required and are currently negotiating the stipulated form of such an order for submission to the Court.

## **CONFIRMATION OF RULE 26(f) TELECONFERENCE**

The parties have conferred on each of the matters above.

Dated: May 17, 2005

Respectfully submitted,

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ Julia Heaney | /s/ Matthew W. King |
| _____ | _____ |
| Jack B. Blumenfeld (#1014) | Robert W. Whetzel (#2288) |
| Julia Heaney (#3052) | Matthew W. King (#4566) |
| 1201 N. Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 551 |
| Wilmington, DE  19899 | Wilmington, DE  19899 |
| (302) 658-9200 | (302) 658-6541 |
| jheaney@mnat.com | whetzel@rlf.com |
| | king@rlf.com |

*Attorneys for*                                 *Attorneys for*
*Plaintiff-Counterclaim-Defendant*      *Defendant-Counterclaim-Plaintiff*
*Glaxo Group Ltd, d/b/a GlaxoSmithKline*    *Spectrum Pharmaceuticals, Inc.*

Of Counsel:                                     Of Counsel:

| | |
|---|---|
| Evan R. Chesler | Michael J. Bettinger |
| Richard J. Stark | Timothy P. Walker |
| David Greenwald | PRESTON GATES & ELLIS LLP |
| Andrei Harasymiak | 55 Second Street |
| CRAVATH, SWAINE & MOORE LLP | Suite 1700 |
| Worldwide Plaza | San Francisco, CA 94105 |
| 825 Eighth Avenue | (415) 882-8200 |
| New York, New York  10019 | |
| (212) 474-1000 | |

Robert L. Baechtold
Nicholas M. Cannella
Colleen Tracy
Leisa Smith
FITZPATRICK, CELLA,
HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112
(212) 218-2100

# EXHIBIT A

| table GSK'S PROPOSED SCHEDULE | | |
|---|---|---|

| Day | Date | Event |
|---|---|---|
| | **GSK'S PROPOSED SCHEDULE** | |
| F | June 10, 2005 | Initial Disclosures |
| F | July 1, 2005 | Amendment of Pleadings |
| F | October 14, 2005 | Fact discovery cut-off |
| | October 28, 2005 | Simultaneous Opening Markman Briefs |
| F | November 11, 2005 | Simultaneous Markman Opposition Briefs |
| | November/December 2005 | Markman Hearing |
| F | January 28, 2006 | Opening expert reports |
| F | February 24, 2006 | Rebuttal expert reports |
| F | March 24 2006 | Expert discovery cut-off |
| F | March 31, 2006 | Motions for leave to file dispositive motions |
| F | April 7, 2006 | Opposition to motion for leave to file dispositive motions |
| F | April 14, 2006 | Reply to motion for leave to file dispositive motions |
| | April 2006 | Conference on motions for leave to file dispositive motions |
| F | May 12, 2006 | Permitted dispositive motions filed |
| F | June 9, 2006 | Opposition to dispositive motions |
| F | June 23, 2006 | Reply to dispositive motions |
| F | July 14, 2006 | Daubert agenda |
| | July 2006 | Daubert status conference |
| F | September 8, 2006 | Parties exchange respective portions of Final Pretrial Order |
| F | September 22, 2006 | Parties exchange objections to Final Pretrial Order |
| F | September 22, 2006 | Opening motions in limine |
| F | September 29, 2006 | Opposition motions in limine |
| F | October 6, 2006 | Reply motions in limine |
| M | October 10, 2006 | Final Pretrial Order Submitted |
| | October 2006 | Final Pretrial Conference |
| | November 2006 | Trial |

## EXHIBIT B

| SPECTRUM'S PROPOSED SCHEDULE | | |
|---|---|---|
| **Day** | **Date** | **Event** |
| F | June 10, 2005 | Initial Disclosure |
| F | July 1, 2005 | Amendment of Pleadings |
| F | September 30, 2005 | Fact discovery cut-off |
|  | October 14, 2005 | Simultaneous Opening Markman Briefs |
| F | November 4, 2005 | Simultaneous Markman Opposition Briefs |
| F | November 18, 2005 | Markman Hearing |
| F | December 9, 2005 | Opening expert reports |
| F | January 13, 2006 | Rebuttal expert reports |
| F | February 3, 2006 | Expert discovery cut-off |
| F | February 10, 2006 | Motions for leave to file msj |
| F | February 17, 2006 | Opposition to motion for leave to file msj |
| W | February 22, 2006 | Reply to motion for leave to file msj |
| M | March 6, 2006 | Conference on motions for leave to file msj |
| F | March 31, 2006 | Permitted dispositive motions filed |
| F | April 28, 2006 | Opposition to dispositive motions |
| F | May 12, 2006 | Reply to dispositive motions |
| F | May 26, 2006 | Daubert joint statement |
| M | June 5, 2006 | Daubert status conference |
| F | June 23, 2006 | Final Pretrial Order |
| F | July 7, 2006 | Opening motions in limine |
| F | July 14, 2006 | Opposition motions in limine |
| W | July 19, 2006 | Reply motions in limine |
| M | July 24, 2006 | Final Pretrial Conference |
| M | July 31, 2006 | Trial |