IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLAXO GROUP LTD
d/b/a GLAXOSMITHKLINE,

    Plaintiff-Counterclaim-Defendant,

v.

SPECTRUM PHARMACEUTICALS, INC.,

    Defendant-Counterclaim-Plaintiff.

Civil Action No. 05-99-GMS

## STIPULATED PROTECTIVE ORDER

Whereas pretrial discovery in this action shall necessarily involve the disclosure of trade secrets or confidential research, development, or commercial information of all parties and of non-parties from whom discovery may be sought; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; now therefore

The parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

1. **Scope of Protection.**

1.1 This Protective Order shall govern any record of information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or

in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2   This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule, District of Delaware local rule, local rule of any district to which this action may be transferred, and any supplementary disclosures thereto.

1.3   This Protective Order shall apply both to the parties to this action and to any nonparty from whom discovery may be sought and who desires the protection of this Protective Order.

2.   **Designation.**

2.1   Each party shall have the right to designate as confidential and subject to this Protective Order any material or information produced in this action that contains, reflects, or otherwise discloses confidential technical, business or financial information, including but not limited to trade secrets, or research and development information within the meaning of Fed. R. Civ. P. 26(c). Such designated material or information shall be marked by the producing party "CONFIDENTIAL—UNDER PROTECTIVE ORDER." To the extent that material is marked CONFIDENTIAL—UNDER PROTECTIVE ORDER, such material shall only be revealed to or used by the limited categories of individuals enumerated in ¶ 4.1, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived from CONFIDENTIAL—UNDER PROTECTIVE ORDER material or information, and any notes or other records regarding the contents thereof, shall also be deemed

CONFIDENTIAL—UNDER PROTECTIVE ORDER, and the same terms and obligations regarding confidentiality of such materials shall apply as apply to the originals.

2.2  The parties may designate especially sensitive Confidential Information as CONFIDENTIAL—ATTORNEYS' EYES ONLY. This designation shall be made in good faith. Where the marking or designation of documents, testimony, pleadings or things is required, a legend bearing the words "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be used in addition to the legend bearing the words "CONFIDENTIAL—UNDER PROTECTIVE ORDER." In addition to the limited categories of individuals enumerated in ¶¶ 4.1(a)-(e) or as provided for in ¶¶ 10, 12 and 16, confidential information that is designated CONFIDENTIAL—ATTORNEYS' EYES ONLY may only be disclosed to one in-house attorney for each party who is responsible for and/or acting directly in the management of the prosecution or defense of this action. The designated in-house counsel for GSK is Frank Grassler. The designated in-house counsel for Spectrum is William Pedranti.

2.3  In the highly unusual situation when a party believes the protection afforded under the "CONFIDENTIAL—UNDER PROTECTIVE ORDER" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designations are inadequate, the party may in that limited circumstance and on a document-by-document basis, produce documents to outside counsel only. Such documents shall be clearly designated and marked "CONFIDENTIAL—UNDER PROTECTIVE ORDER" and "OUTSIDE COUNSEL ONLY" and shall be produced with the notice that the production contains OUTSIDE COUNSEL ONLY documents. OUTSIDE COUNSEL ONLY documents may not be disclosed by the receiving party to the individuals enumerated in ¶¶2.2 and 4.1(f) but shall otherwise be subject to all of the provisions and protections contained in this Protective Order, including the challenges provided for in ¶14.

RLF1-2886687-1

2.4   Entering into or agreeing to this Protective Order and/or producing or receiving CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY information and/or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to any discovery request.

2.5   To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials that the producing party has marked with <u>any</u> confidentiality designation, all such materials shall be considered to have been designated under this Order as CONFIDENTIAL—UNDER PROTECTIVE ORDER until and unless otherwise agreed by the parties.

3.   **Limit on Use and Disclosure of Designated Information.**

3.1   Each party and all persons bound by the terms of this Protective Order shall use any information or document designated CONFIDENTIAL—UNDER PROTECTIVE ORDER, CONFIDENTIAL—ATTORNEYS' EYES ONLY, or CONFIDENTIAL--OUTSIDE COUNSEL ONLY only in connection with the prosecution or defense of this action and for no other purpose, except by written consent of the parties or order of the Court. Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Protective Order to any person not authorized pursuant to this Protective Order to receive such information or document.

3.2   Counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the producing party.

3.3    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are used only for the purposes specified herein and are disclosed only to authorized persons.

4.    **Disclosure of Confidential Material.**

4.1    Except as provided in ¶¶ 10, 12, and 16, and subject to the additional restrictions imposed in ¶ 2.2 for CONFIDENTIAL—ATTORNEYS' EYES ONLY information and 2.3 for CONFIDENTIAL--OUTSIDE COUNSEL ONLY, documents or information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER shall be disclosed by the recipient thereof, solely on a need-to-know basis, only to:

(a)    outside trial counsel or outside attorneys of record for the parties, and their authorized secretarial, clerical and legal assistant staff;

(b)    the Court and Court personnel, as provided in ¶ 11;

(c)    consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 5, who are not employees or otherwise affiliated with either of the parties, and who first agree to be bound by the terms of this Protective Order;

(d)    court reporters, videographers, and their respective staffs employed in connection with this action;

(e)    individuals or entities retained to assist outside counsel of record with copying, document handling or other litigation support services; and

(f)    no more than three (3) designated in-house attorneys and/or assistants who are responsible for and/or working directly on the management of the prosecution or defense of this

action. The designated in-house counsel for GSK are Frank Grassler, Mark Rachlin and Richard Sewell. The designated in-house counsel and assistants for Spectrum are William Pedranti, Lisa Wolfsen and Sara Vokshori.

5.  **Identification of Experts.**

5.1     If any party desires to disclose information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY to any expert or consultant pursuant to ¶ 4.1(c) above, it must first provide notice in writing, whether by mail or by facsimile, of each such expert or consultant to the attorneys for the producing party. The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified. Any party that fails to object within ten (10) business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 4.1(c). No CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY information may be disclosed to any proposed expert or consultant until such time as the parties are deemed to have agreed upon disclosure to the expert for purposes of ¶ 4.1(c) pursuant to the provisions of ¶¶ 5.1 or 5.2.

5.2     The notice required by ¶ 5.1 shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, any prior or current employments or consultancies for any party or other company in the pharmaceutical industry, and a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last five years. The parties shall attempt to resolve any objections

informally. If the objections cannot be resolved, the party opposing disclosure of the CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY information to the expert or consultant may apply to the Court for an Order prohibiting the disclosure and shall bear the burden of proof with respect to the propriety of its objection and blocking of said individual from serving as an expert or consultant in this case. Any party that fails to file such an application within ten (10) business days of notifying a party of an objection to disclosure under ¶ 5.1 shall be deemed to have waived such objection, and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 4.1(c).

6. **Agreement of Confidentiality.**

In no event shall any information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY be disclosed to any person authorized pursuant to ¶¶ 2.2, 4.1 (c) and/or 4.1(f) until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

7. **Related Documents.**

The restrictions contained herein to the use of information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such

information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 8; and/or (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 9.

8. **Designation of Deposition Transcripts.**

8.1   Portions of deposition transcripts containing CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY information maybe designated as subject to this Protective Order either on the record during the deposition or by providing written notice within 30 days following receipt of the official transcripts of the deposition to the reporter and all counsel of record of the specific pages and lines that contain CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2   All deposition transcripts not previously-designated shall be deemed to be, and shall be treated as, CONFIDENTIAL—UNDER PROTECTIVE ORDER for a period of 35 days after receipt of the official transcript of the deposition, and during that time shall be subject to all of the limitations and restrictions on the use and disclosure of CONFIDENTIAL—UNDER PROTECTIVE ORDER information set forth in this Protective Order.

RLF1-2886687-1

8.3   The designating party shall have the right to exclude from portions of a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶¶ 2.2 and/or 4.1.

9.   **Designation of Hearing Testimony or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY information, counsel may designate on the record prior to such disclosure that the disclosure is subject to this Protective Order. Whenever matter designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

10.   **Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY to any person who appears

from the face of the document to have drafted, prepared, executed, or received the document, or any person who is reasonably likely to have had prior legal access to the document or the information contained therein.

11. **Designation of Documents Under Seal.**

Any information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY, or CONFIDENTIAL--OUTSIDE COUNSEL ONLY if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed (for example, the title of the document being filed), the appropriate legend pursuant to ¶¶ 2.1 or 2.2, and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order and should be opened only by the Court. Its contents should not be disclosed, revealed or made public except by Order of the Court or by prior written agreement of the parties.**

12. **Confidentiality of Party's Own Documents.**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly,

the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, even if such information has been filed under seal by the opposing party.

13.  **Other Protections.**

13.1   No person shall use any CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination.

13.2   Any party may mark any document or thing containing CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY information as an exhibit to a deposition, hearing or other proceeding and examine a witness concerning that document or thing, provided that the witness is qualified under the terms of this Protective Order to have access to such designated material.

14.  **Challenge to Confidentiality.**

14.1   This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. No party shall be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or

(c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and its failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14.2    On any challenge to the designation of any information, the burden of proof shall lie with the producing party to establish that the information has been properly designated. The party challenging a particular designation or designations shall give counsel of record for the other party written notice thereof by facsimile, with confirmation by mail or by personal delivery, specifying the designated information as to which such removal is sought and the reasons for the request. If, after conferring, the parties cannot reach agreement concerning the challenge within seven (7) business days after the receipt of the facsimile notice, then the party requesting the redesignation of particular items may challenge the designation by motion or at a regularly scheduled discovery conference.

15.    **Inadvertent Failure to Designate.**

A producing party or non-party that inadvertently fails to designate an item pursuant to this Protective Order at the time of production, or that subsequently wishes to change the designation of an item, may thereafter make or change a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item marked with the appropriate designation. Those individuals who reviewed the documents or information prior to the notice of misdesignation by the producing party shall return to outside counsel or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of confidential information in the misdesignated documents.

16. **Prior or Public Knowledge.**

This Protective Order shall not apply to information that is or was available to the public prior to disclosure. The restrictions contained in this Protective Order shall not apply to information that is or was available to the public other than by an act or omission of the party to whom it was disclosed pursuant to this Protective Order, or that is legitimately and independently acquired from a source not subject to this Protective Order.

17. **No Admissions.**

Unless the parties stipulate in writing otherwise, the designation or acceptance of any information designated pursuant to this Protective Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

18. **Limitation of Protective Order.**

This Protective Order is not intended to foreclose any objections to produce, answer, or respond to any discovery request on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

19. **Inadvertent Production of Privileged Documents.**

Inadvertent or unintentional production of documents subject to attorney-client privilege, work product immunity, or any other immunity from production shall not constitute a waiver of the respective privilege or immunity, provided that the producing party shall advise the receiving party of such inadvertent or unintentional production promptly upon its discovery. Documents asserted to be inadvertently or unintentionally produced shall be returned to the producing party immediately upon request. The receiving party shall also retrieve and destroy

immediately all copies and any portions of notes, papers, summaries or other instruments that compromise, embody, summarize, discuss or quote from documents or things for which the attorney-client privilege, work product immunity, or other immunity from production is asserted and shall provide written notification of the destruction to the producing party. No use shall be made of such documents, including during depositions or at trial, nor shall they be shown to anyone subsequent to the request to return them. The receiving party shall not argue waiver of the privilege or immunity based on the fact of such inadvertent or unintentional production. Nothing herein shall prevent the receiving party from otherwise challenging the privileged status of any inadvertently or unintentionally produced documents after complying with all of the provisions of this paragraph.

20. **Confidentiality Interests of Third Parties.**

A party may refuse to produce otherwise discoverable information pursuant to a subpoena, deposition question, or discovery request, if the party is under an obligation to a third party not to disclose such information. In such an event, the objecting party shall:

(a)  promptly provide to the person or entity whose confidentiality interests are implicated (i) notice of its intention to disclose the information in question and (ii) a copy of this Order; and;

(b)  within fourteen (14) business days, produce the requested information in question in compliance with this Order, unless the person or entity whose confidentiality interests are implicated moves for or obtains a protective order precluding such disclosure from this Court within that time.

21. **Other Proceedings.**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a subpoena, motion or court order in another case to disclose information that is designated by another party in this case as CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY in this case shall promptly notify that other party of the subpoena, motion or court order so that the other party may have an opportunity to appear and be heard on whether such information should be disclosed.

22. **Non-Party Material.**

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to the discovering party, are applicable to CONFIDENTIAL—UNDER PROTECTIVE ORDER or ATTORNEYS' EYES ONLY or CONFIDENTIAL--OUTSIDE COUNSEL ONLY information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL—UNDER PROTECTIVE ORDER OR CONFIDENTIAL—ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL ONLY pursuant to the terms of this Protective Order shall be protected to the same extent as information provided and designated by a party to this action.

23. **Return of Designated Information.**

(a) Within sixty (60) days following final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble

and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL—UNDER PROTECTIVE ORDER or CONFIDENTIAL—ATTORNEYS' EYES ONLY or CONFIDENTIAL—OUTSIDE COUNSEL ONLY, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that counsel may retain (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privileged communications and/or (b) one paper and one electronic archival copy of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses, subject to a continuing obligation protect all such retained material pursuant to the provisions of this Protective Order.

24. **Waiver Or Termination of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. Subject to the foregoing, this Order shall survive and remain in full force and effect, and this Court shall retain jurisdiction to enforce all provisions of this Order, after termination of this Action

25. **Modification of Order; Prior Agreements.**

Notwithstanding any provision of this Protective Order, a producing party and receiving party may stipulate to different disclosure restrictions, procedures or time limits than set forth herein respecting particular information, so long as such stipulation does not purport to affect the Court's calendar or impose any obligations on the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

26. **Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

27. **Days.**

All references to "days" in this Order shall be construed as calendar days, unless otherwise specifically indicated.

| MORRIS, NICHOLS, ARSHT & TUNNELL | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| /s/ Julia Heaney | Matthew W. King /kef #4395 |
| Jack B. Blumenfeld (#1014) | Robert W. Whetzel (#2288) |
| jblumenfeld@mnat.com | whetzel@rlf.com |
| Julia Heaney (#3052) | Matthew W. King (#4566) |
| jheaney@mnat.com | king@rlf.com |
| 1201 N. Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 551 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 658-6541 |
| *Attorneys for* | *Attorneys for* |
| *Plaintiff-Counterclaim-Defendant* | *Defendant-Counterclaim-Plaintiff* |
| *Glaxo Group Ltd, d/b/a GlaxoSmithKline* | *Spectrum Pharmaceuticals, Inc.* |

OF COUNSEL:

Evan R. Chesler
Richard J. Stark
David Greenwald
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

Robert L. Baechtold
Nicholas M. Cannella
Colleen Tracy
Leisa Smith
FITZPATRICK, CELLA,
HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

OF COUNSEL:

Michael J. Bettinger
Timothy P. Walker
PRESTON GATES & ELLIS LLP
55 Second Street
Suite 1700
San Francisco, CA 94105
(415) 882-8200

**SO ORDERED:**

_____
United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXO GROUP LTD<br>d/b/a GLAXOSMITHKLINE,<br><br>      Plaintiff-Counterclaim-Defendant,<br><br>      v.<br><br>SPECTRUM PHARMACEUTICALS, INC.,<br><br>      Defendant-Counterclaim-Plaintiff. | Civil Action No. 05-99-GMS<br><br>DECLARATION AND<br>CONFIDENTIALITY<br>UNDERTAKING OF<br><br>_____ |

      I certify that I have received and carefully read the Stipulated Protective Order in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Delaware, or of any court to which this action may be transferred, for any proceedings involving the enforcement of that Order. I declare under penalty of perjury under the laws of the United States of America this Declaration and Confidentiality Undertaking is true and correct.

      EXECUTED this _____ day of _____, 2005.

_____  
Name

_____  
Signature

_____

_____  
Present Employer or Other Business Affiliation  
And Business Address

- 18 -