IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXO GROUP LTD. d/b/a<br>GLAXOSMITHKLINE,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim-Defendant,<br><br>　　v.<br><br>SPECTRUM PHARMACEUTICALS, INC.,<br><br>　　　　Defendant and<br>　　　　Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 05-99 (GMS) |

**PLAINTIFF GSK'S FIRST RULE 30(b)(6)**
**NOTICE OF DEPOSITION OF DEFENDANT SPECTRUM**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, on August 10, 2005, at 9:30 a.m., at the offices of Fitzpatrick, Cella, Harper & Scinto, at 30 Rockefeller Plaza, New York, New York 10112-3801, 38th floor, or at a time and place agreed to by counsel, Plaintiff and Counterclaim-Defendant Glaxo Group, Ltd d/b/a GlaxoSmithKline ("GSK") will take the deposition upon oral examination of Defendants and Counterclaim-Plaintiff Spectrum Pharmaceuticals, Inc. ("Spectrum") by audio, video and stenographic means. Pursuant to Rule 30(b)(6), please designate one or more officers, directors, managing agents, or other persons to testify on Spectrum's behalf regarding matters known or reasonably available to Spectrum concerning the subjects set forth in the attached Schedule A. Please also advise us in writing at least five (5) business days prior to the deposition date of the identity of Spectrum's witness or witnesses and the specific subject matters on which each witness will testify.

The deposition(s) will be taken before a Notary Public authorized by law to administer an oath, and will continue from day to day until completed.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff and*
  *Counterclaim-Defendant GSK*

OF COUNSEL:

Evan R. Chesler
Richard J. Stark
David Greenwald
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
(212) 474-1000

Robert L. Baechtold
Nicholas M. Cannella
Leisa M. Smith
FITZPATRICK, CELLA
  HARPER & SCINTO
Colleen Tracy (CT-9543)
30 Rockefeller Plaza
New York, NY  10112
(212) 218-2100

July 22, 2005

**SCHEDULE A**

**DEFINITIONS AND GENERAL INSTRUCTIONS**

1.      "GSK" means, collectively and/or individually, Plaintiff and Counterclaim-Defendant Glaxo Group Ltd. d/b/a GlaxoSmithKline and its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

2.      "Spectrum" means, collectively and/or individually, Defendants and Counterclaim-Plaintiff Spectrum Pharmaceuticals, Inc. and their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

3.      "The '845 Patent" shall mean United States Patent No. 5,037,845 entitled "Indole Derivative."

4.      "The '470 Patent" shall mean United States Patent No. 4,816,470 entitled "Heterocyclic Compounds."

5.      "Person" means any natural person or any business, legal or governmental entity or association.

6.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

7.      "All" and "each" shall be construed as "all and each".

8.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      "Including" means "including without limitation" or "including but not limited to".

10.     "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

11.     "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic and computerized data compilations.

12.     "Identify" (and related grammatical forms) when referring to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

13.     "Identify" (and related grammatical forms) when referring to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

14.     "Describe" means in the case of an event or circumstance, to set forth in detail all facts concerning such event or circumstance, including the date, place, individuals or entities (including client or prospective client names) involved and the context of the event or circumstance.

15.     "Notice Letter" means the letter dated January 4, 2005 from Spectrum to GSK entitled "Notice to Patent Owner and Holder of the Approved Application of Imitrex® Injection (Patent Number 5,037,845)."

16.     "Spectrum's Proposed Sumatriptan Succinate Products" means Spectrum's generic sumatriptan succinate injection 6 mg/ 0.5 mL, as referenced in Spectrum's Notice Letter.

17.     The use of the singular form of any word includes the plural and vice versa.

2

18.     The use of any verb in any tense shall be construed as the use of the verb in all other tenses.

19.     Each paragraph herein should be construed independently and, unless otherwise directed, without reference to any other paragraph for the purpose of limitation.

20.     The use of any definition for purposes of this request shall not be deemed to constitute an agreement or acknowledgement on the part of GSK that such definition is accurate, meaningful or appropriate for any other purpose in this or other actions.

## SUBJECT MATTER OF DEPOSITION

1.       The research and development of Spectrum's Proposed Sumatriptan Succinate Products, including any research of any sumatriptan compounds other than sumatriptan succinate (1:1), the identity of the person(s) involved in such research and development, and the identity of all documents concerning any such research and development.

2.       Any ANDA, NDA or citizen's petition, including correspondence with the FDA concerning any of the same, regarding sumatriptan, sumatriptan succinate (1:1) or any other sumatriptan compounds, including the identity of the person(s) involved in any such ANDA, NDA or citizen's petition and the date(s) of any such ANDA, NDA or citizen's petition, and the identity of all documents constituting or forming the basis of any such ANDA, NDA or citizen's petition.

3.       The drafting of proposed, contemplated, or actual package insert or labeling concerning Spectrum's Proposed Sumatriptan Succinate Products, including any proposed, contemplated, or actual revisions to such package inserts or labeling; the identity of the person(s) involved in such drafting or revisions; the date(s) of any such drafting or revisions; and the identity of all documents relating to any such drafting or revisions.

4.       Spectrum's consideration, evaluation or analysis of the validity of the '845 patent, including the identity of any person(s) involved in the consideration, evaluation or analysis of the '845 patent; the date(s) of any such consideration, evaluation or analysis; and the identity of all documents constituting, forming the basis of, or relied on in making, any such consideration, evaluation or analysis.

5.       Spectrum's decision to pursue the development of Spectrum's Proposed Sumatriptan Succinate Products, including the analysis leading to that decision, the date(s) that

4

decision was made, the identity of the person(s) involved in that decision, and the identity of all documents forming the basis of, or relied on in making, any such decision.

6.    Any assessment or consideration of the past, present or future market for sumatriptan succinate (1:1), including the identity of any person(s) involved in any such assessment or consideration, and the identity of all documents constituting or relating to any such assessment or consideration.

7.    The forecast revenues or profits for Spectrum's proposed sumatriptan succinate product, including the identity of any person(s) involved in predicting, determining or calculating such revenues or profits, and the identity of all documents evidencing, underlying or relating to such forecast revenues or profits.

8.    Any calculation by Spectrum of the identity of any or all compounds having the following formula:

$$R_1R_2NSO_2CHR_3 \underset{\substack{N \\ H}}{\text{————}} AlkNR_4R_5$$

Wherein $R_1$ represents a hydrogen atom or a methyl group; $R_2$ represents a hydrogen atom or a methyl, ethyl, isopropyl, propenyl or benzyl group; $R_3$ represents a hydrogen atom; $R_4$ and $R_5$ which may be the same or different, each represents a hydrogen atom or a methyl group; and Alk represents an unsubstituted alkylene chain containing two or three carbon atoms, including the identity of the person(s) involved in such calculations and the identity of documents evidencing, reflecting or relating to such calculations.

9.    Any calculation by Spectrum of the identity of any or all compounds meeting the claims of the '845 patent or the '470 patent, including the identity of the person(s)

involved in such calculations and the identity of documents evidencing, reflecting or relating to such calculations.

      10.    The facts and circumstances that form the basis for any contention by Spectrum of the non-existence of any secondary consideration of non-obviousness regarding the '845 patent, including any alleged lack of:

    a.    Commercial success of sumatriptan succinate (1:1);

    b.    Unexpected results or properties of sumatriptan succinate (1:1) or other sumatriptan compounds over compounds disclosed in the '470 patent or any compounds Spectrum contends are prior art;

    c.    Long-felt, but unresolved need for sumatriptan compounds;

    d.    Copying of sumatriptan compounds;

    e.    Failure by others to discover sumatriptan compounds or effective anti-migraine agents;

    f.    Skepticism or disbelief of skilled artisans before the discovery of sumatriptan compounds;

    g.    Industry awards, raise, accolades or recognition concerning sumatriptan; and,

    h.    Nexus between any secondary consideration of non-obviousness and the claims of the '845 patent.

11.    The factual and legal basis for Spectrum's contention in its Notice Letter and Answer that the claims of the '845 are invalid, including but not limited to:

    a.    Spectrum's contention that the claims of the '845 patent are invalid under 35 U.S.C. §101;

    b.    Spectrum's contention that the claims of the '845 patent are invalid under 35 U.S.C. §102;

    c.    Spectrum's contention that the claims of the '845 patent are invalid under 35 U.S.C. section §103;

    d.    Spectrum's contention that the claims of the '845 patent are invalid under 35 U.S.C. section §112; and,

    e.    Spectrum's contention that the claims of the '845 patent are invalid for double patenting.

12.    The factual and legal basis for Spectrum's contention in its Notice Letter and Answer that Spectrum has not infringed, contributed to the infringement of or induced infringement of any claim of the '845 patent.

13.    With respect to any valuation by Spectrum of its entry into the generic sumatriptan market:

    f.    The bases for Spectrum's valuation of entry into the market during the 180-day exclusivity period;

    g.    The bases for any other valuation of entry into the market before the expiration of exclusivity afforded the '845 patent;

7

h.      Identity of all persons having knowledge of the facts upon which Spectrum's valuations are based; and,

i.      Identity of all documents evidencing, underlying or relating to Spectrum's valuations.

14.    With respect to any calculations by Spectrum of GSK's advertising expenses, marketing costs, and developmental costs for sumatriptan:

j.      The bases for Spectrum's calculations;

k.      Identity of all persons having knowledge of the facts upon which Spectrum's calculations are based; and,

l.      Identity of all documents evidencing, underlying or relating to Spectrum's calculations.

MORRIS, NICHOLS, ARSHT & TUNNELL

OF COUNSEL:

*/s/ Julia Heaney*
_____

Evan R. Chesler
Richard J. Stark
David Greenwald
Andrei Harasymiak
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019
(212) 474-1000

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for*
*Plaintiff-Counterclaim-Defendant*
*Glaxo Group Ltd, d/b/a GlaxoSmithKline*

Robert L. Baechtold
Nicholas M. Cannella
Colleen Tracy
FITZPATRICK, CELLA,
HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112
(212) 218-2100

July 22, 2005

8

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on July 22, 2005 I electronically filed

Plaintiff GSK's First Rule 30(b)(6) Notice Of Deposition Of Defendant Spectrum with the Clerk

of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Edmond D. Johnson
The Bayard Fim

I also certify that copies were caused to be served on July 22, 2005 upon the

following in the manner indicated:

### BY HAND

Edmond D. Johnson
Peter B. Ladig
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

### BY FEDERAL EXPRESS

Matthew B. Lehr
Latham & Watkins LLP
135 Commonwealth Drive
Menlo Park, CA  94025

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York. NY  10022

Maximillian A. Grant
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004

/s/     *Julia Heaney*
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell
(302) 658-9200
 jheaney@mnat.com