# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

August 9, 2005

TO CLERKS OF THE FOLLOWING U. S. DISTRICT COURTS:

DISTRICT OF DELAWARE
SOUTHERN DISTRICT OF NEW YORK

Re: MDL-1701 -- In re Sumatriptan Succinate Patent Litigation

> *Glaxo Group, Ltd. v. Spectrum Pharmaceuticals, Inc.*, D. Delaware, C.A. No. 1:05-99 GMS
> *Glaxo Group, Ltd. v. Dr. Reddy's Laboratories, Ltd., et al.*, S.D. New York, C.A. No. 1:03-10260
> *Glaxo Group, Ltd. v. Cobalt Pharmaceuticals, Inc.*, S.D. New York, C.A. No. 1:04-9886

Dear Clerk:

I am enclosing a certified copy of an order filed today by the Panel in the above matter.



Very truly,

Michael J. Beck
Clerk of the Panel

By *Dana L. Stewart*
Deputy Clerk

Enclosure

cc: Transferor Judges: Judge Gregory M. Sleet; Judge Laura Taylor Swain

JPML Form 32

A CERTIFIED TRUE COPY

AUG - 9 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 9 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

DOCKET NO. 1701

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SUMATRIPTAN SUCCINATE PATENT LITIGATION

*Glaxo Group, Ltd. v. Spectrum Pharmaceuticals, Inc.*, D. Delaware, C.A. No. 1:05-99
*Glaxo Group, Ltd. v. Dr. Reddy's Laboratories, Ltd., et al.*, S.D. New York, C.A. No. 1:03-10260
*Glaxo Group, Ltd. v. Cobalt Pharmaceuticals, Inc.*, S.D. New York, C.A. No. 1:04-9886

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

This litigation consists of two now consolidated Southern District of New York actions and one District of Delaware action. Each MDL-1701 action is brought by patent owner Glaxo Group Ltd. (Glaxo) for infringement of a Glaxo patent that claims sumatriptan succinate, the active ingredient in Glaxo's Imitrex® products, which are prescribed for treatment of migraine. Plaintiff Glaxo moves for centralization of these actions, pursuant to 28 U.S.C. § 1407, in the Southern District of New York. Responses in opposition to transfer have been filed by i) the two affiliated defendants in the first filed New York action, Dr. Reddy's Laboratories, Inc., and Dr. Reddy's Laboratories, Ltd., and ii) the defendant in the Delaware action, Spectrum Pharmaceuticals, Inc.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation, which essentially involves only two actions pending in two districts. Movant has failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which the consolidated New York action has been pending for almost two years. Alternatives to transfer exist that can minimize whatever remaining possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978). *See also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*] Judge Motz took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 9 2005

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1701

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE SUMATRIPTAN SUCCINATE PATENT LITIGATION*

*Glaxo Group, Ltd. v. Spectrum Pharmaceuticals, Inc.*, D. Delaware, C.A. No. 1:05-99
*Glaxo Group, Ltd. v. Dr. Reddy's Laboratories, Ltd., et al.*, S.D. New York, C.A. No. 1:03-10260
*Glaxo Group, Ltd. v. Cobalt Pharmaceuticals, Inc.*, S.D. New York, C.A. No. 1:04-9886

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

This litigation consists of two now consolidated Southern District of New York actions and one District of Delaware action. Each MDL-1701 action is brought by patent owner Glaxo Group Ltd. (Glaxo) for infringement of a Glaxo patent that claims sumatriptan succinate, the active ingredient in Glaxo's Imitrex® products, which are prescribed for treatment of migraine. Plaintiff Glaxo moves for centralization of these actions, pursuant to 28 U.S.C. § 1407, in the Southern District of New York. Responses in opposition to transfer have been filed by i) the two affiliated defendants in the first filed New York action, Dr. Reddy's Laboratories, Inc., and Dr. Reddy's Laboratories, Ltd., and ii) the defendant in the Delaware action, Spectrum Pharmaceuticals, Inc.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation, which essentially involves only two actions pending in two districts. Movant has failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which the consolidated New York action has been pending for almost two years. Alternatives to transfer exist that can minimize whatever remaining possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978). *See also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[*] Judge Motz took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman