# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

August 31, 2005

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    GlaxoSmithKline v. Spectrum Pharmaceuticals, Inc.
                C.A. No. 05-99-GMS

Dear Judge Sleet:

        We represent plaintiff Glaxo Group Ltd d/b/a GlaxoSmithKline ("GSK") in this action. As Your Honor suggested during the June 8 scheduling conference, we write to request the Court's assistance in setting a further schedule in this action. In particular, we request a schedule that would coordinate expert discovery with expert discovery in *In re Glaxo `845 Patent Litigation,* Case No. 03 Civ. 10260 (LTS) (FM), currently pending in the Southern District of New York (the "New York Actions").

        In May, GSK moved before the Judicial Panel on Multidistrict Litigation ("the MDL Panel") to transfer this action to the Southern District of New York and consolidate it with the New York Actions on the basis that all of these actions involve similar factual and legal challenges to the validity of the same GSK patent. At the June 8 conference, Your Honor deferred setting a schedule until after the MDL Panel had ruled. Earlier this month, the MDL Panel denied GSK's motion to transfer. The Panel's opinion, however, recommended various alternatives, including consultation and cooperation among the courts and coordination by the parties.

        In accordance with the MDL Panel's recommendations, GSK respectfully requests that, in setting a further schedule in this action, the Court consider coordinating the expert discovery schedule with that in New York. GSK has also contacted Magistrate Judge Maas to make a similar proposal in New York. Because the New York Actions and this one involve overlapping attacks on the validity of the same patent, the absence of such coordination would result in burdensome, inefficient and unnecessary duplication of expert reports and expert depositions.

Fact discovery ends on September 2 in the New York Actions and on September 30 in this action. The current schedule in the New York Actions calls for opening expert reports on any issue as to which a party bears the burden of proof on September 23, opposition expert reports on October 21, rebuttal expert reports on November 11, and an expert discovery cut-off of December 16. No expert discovery schedule has been set in this action yet.

Under the current schedules, expert discovery will start in the New York Actions shortly before the close of fact discovery in this action. This means that GSK's experts will have to submit separate reports addressing largely the same validity issues and then have to submit to two depositions on those same issues. In addition, the four-week time lag between the New York and Delaware schedules makes it likely that at least some of GSK's experts will be preparing for and undergoing depositions in the New York Actions at the same time that they are drafting their reports in this action.

GSK has therefore proposed that the expert discovery deadlines in the New York Actions be moved back by approximately one month and synchronized with deadlines to be set by the Court in this action. GSK has suggested that all opening expert reports be due on October 21, opposition reports be due on November 23, rebuttal reports be due on December 16 and that the expert discovery cut-off in all actions be January 20, 2006.[1]

Accordingly, GSK respectfully requests that the Court consider coordinating expert discovery as it sets a schedule for this action. In the alternative, should the Court decline to coordinate expert discovery with the New York Actions, GSK respectfully requests that the expert discovery schedule be set so as to minimize overlap with expert discovery in the New York Actions. As indicated above, counsel for GSK in the New York Actions has made a corresponding request there.

We are available for a conference to address this matter at Your Honor's convenience.

          Respectfully,

          /s/ *Jack B. Blumenfeld (#1014)*

          Jack B. Blumenfeld

JBB/bls
cc: Peter T. Dalleo, Clerk (By Hand)
    Edmond D. Johnson, Esquire (By Hand)
    Matthew B. Lehr, Esquire (By Fax)
    Colleen B. Tracy, Esquire (By Fax)
    David Greenwald, Esquire (By Fax)

---

[1] Although Spectrum previously indicated that it might be agreeable to these dates, and GSK submitted this scheduling proposal to Magistrate Judge Maas on that basis, Spectrum has now informed GSK that it would prefer a later schedule.