# THE BAYARD FIRM
### ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

302-429-4227
ejohnson@bayardfirm.com

September 1, 2005

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    *Glaxo Group LTD dba GlaxoSmithKline v.*
                  *Spectrum Pharmaceuticals, Inc., C.A. No. 05-99-GMS*

Dear Judge Sleet:

      We represent Defendant Spectrum Pharmaceuticals ("Spectrum") in this action. This responds to Mr. Blumenfeld's August 31, 2005 letter requesting the Court's assistance in setting a further schedule in this matter.

      As a threshold matter, we had hoped to resolve further scheduling issues without the need for Your Honor's assistance. To that end, we asked GSK's New York counsel to propose a comprehensive schedule for our consideration and possible submission to the Court as a Stipulated Schedule. They declined.

      As GSK notes, the MDL Panel denied it's Motion to Consolidate. It did so because "centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation, which essentially involves only two actions pending in two districts. Movant has failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which the consolidated New York action has been pending for almost two years" (Attachment A). The panel did not "recommend" any specific alternative, but merely noted, "alternatives to transfer exist that can minimize whatever remaining possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings."

599892v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
September 1, 2005
Page 2

Now, GSK seeks indirectly what it failed to obtain directly, and with no legitimate argument about the need for forced coordination. From GSK's perspective, the only report and deposition that will overlap will be its opposition report and the deposition of its validity expert. If it is true, as GSK suggests, that those reports and depositions in the respective cases will largely address "the same validity issues," we fail to see the burden of simply tendering a report to Spectrum that was previously tendered to the New York defendants. As to the expert's deposition, Spectrum is entitled to its seven (7) hours regardless of when the deposition occurs. So the only inconvenience would be to have the expert return a second time.

As to the reports and depositions of the defendants in the respective cases, there simply is no overlap. We will have distinct issues, experts and reports, so that there is no reason to consolidate that discovery.

In addition to the virtual absence of a real burden on GSK and its witnesses, there is a material difference between the New York cases and this case that militates against an unnecessarily speedy schedule. The New York actions have been pending for nearly two (2) years, while this case was filed only in February 2005. Fact discovery ends in New York on Friday. GSK produced several hundred thousand pages of documents to Spectrum only in late May. We have key fact depositions to conclude in September, some of which will likely be in London. At the same time, GSK waited until late July of this year to serve its own comprehensive discovery requests on Spectrum. Spectrum is in the process of responding to those requests.

Given the amount of fact discovery that will be compressed into September and possibly early October, it would be unfair to require Spectrum to prepare expert reports for submission in October, particularly when this case is set for trial in November 2006. As we told GSK's New York counsel, we are certainly willing to attempt coordination with the New York cases. To date, we have done that by participating in the same fact depositions taken by the New York defendants. But we cannot agree to a schedule which prejudices our client simply for the sake of a very modest convenience. Moreover, the New York defendants are vigorously opposed to moving their expert schedule. If successful in that opposition, this may well be moot because GSK offers no reason for its proposed dates in the context of this case alone. Those dates are proposed only because of the New York cases and the apparent desire by GSK not to seek too broad a variance from the current New York schedule.

599892v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
September 1, 2005
Page 3

      We are likewise available for a conference at Your Honor's convenience.

                                  Respectfully,

                                  Edmond D. Johnson  (Bar ID#2257)

EDJ/slh
cc:    Peter T. Dalleo, Clerk (By Hand)
       Jack B. Blumenfeld (By Fax)
       Colleen B. Tracy, Esq. (By Fax)
       David Greenwald, Esq. (By Fax)
31510-1

599892v1