# THE BAYARD FIRM
## ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

302-429-4227
ejohnson@bayardfirm.com

May 19, 2006

**BY ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

> Re:   *Glaxo Group LTD dba GlaxoSmithKline v.*
>       *Spectrum Pharmaceuticals, Inc., C.A. No. 05-99-GMS*

Dear Judge Sleet:

    We represent defendant Spectrum Pharmaceuticals, Inc. ("Spectrum") in the above-captioned matter. We write to inform the Court of Spectrum's position that summary judgment is inappropriate for this case.

    Glaxo Group Ltd. ("GSK") markets the antimigraine drug sumatriptan as IMITREX®. GSK presently lists two different patents as protecting sumatriptan in the FDA's Orange Book.[1] The first sumatriptan patent, U.S. Patent No. 4,816,470 ("the '470 patent") issued March 28, 1989 and expires in December of this year.[2] The first sumatriptan patent claims a limited, narrow group of compounds by way of genus claims. The compound sumatriptan is covered by some of those claims. The second sumatriptan patent, U.S. Patent No. 5,037,845 ("the '845 patent") issued Aug. 6, 1991 and expires August 6, 2008.[3] The second sumatriptan patent claims only the compound sumatriptan.

    GSK sued Spectrum for infringement of the '845 patent. It is Spectrum's position that sumatriptan cannot be claimed in two patents. In addition, Spectrum believes that the second sumatriptan patent, the '845 patent, is invalid for a number of reasons. Based

---

[1] FDA's Electronic Orange Book, http://www.accessdata.fda.gov/scripts/cder/ob/docs/pat exclnew.cfm?Appl_No=020080&Product_No=001&table1=OB_Rx.
[2] *See Id.*
[3] *See Id.*

626027v1

THE BAYARD FIRM

The Honorable Gregory M. Sleet
May 19, 2006
Page 2


on the '470 sumatriptan patent, the '845 patent is anticipated and/or obvious, and in violation of the doctrine of double patenting. Spectrum further alleges that the '845 patent was procured by inequitable conduct and is thus unenforceable.

Although Spectrum firmly believes that the evidence when heard by this Court will support its position, it is clear that the Court will be required to decide many factual disputes. Each of Spectrum's claims of invalidity and unenforceability raises issues of material fact too numerous to fully enumerate here. Instead, a small sampling of the material facts in dispute is discussed below.

### ANTICIPATION

Spectrum asserts that the claims of the '845 patent are anticipated by the '470 patent. Spectrum asserts that the earlier '470 patent describes a sufficiently small genus to anticipate the claims of the later '845 patent. Spectrum's expert, Dr. K. Barry Sharpless, has opined that when the narrowest genus claim of the '470 patent is construed, the claim describes as few as 33 preferred compounds and as few as nine, or even six, particularly preferred compounds—and that sumatriptan is one of those compounds. Thus it is disclosed and anticipated.

GSK's experts disagree. This dispute of material fact renders summary judgment on anticipation inappropriate.

### OBVIOUSNESS

Spectrum also asserts that the claims of the '845 patent are obvious in view of the '470 patent. The first sumatriptan patent renders the second one obvious. Once again, the experts disagree.

Many of the factual considerations that pertain to defining the scope and content of the prior art are identical to the issues discussed above in relation to anticipation. Summary judgment on the issue of obviousness is inappropriate on this basis alone.

Further, factual controversies exist as to whether the subject matter of the '845 patent was "unexpectedly" superior to the compounds described in the '470 patent. First, there are serious factual disputes as to whether the data supporting the alleged unexpected results are accurate, scientifically valid, and reproducible – i.e. real. Second, Spectrum's experts have concluded that the results, even if real, are not unexpected. These disputes of material fact render summary judgment on obviousness inappropriate.

THE BAYARD FIRM

The Honorable Gregory M. Sleet
May 19, 2006
Page 3

### DOUBLE PATENTING

Spectrum asserts that the claims of the '845 patent violate the doctrine of obviousness-type double patenting and are therefore invalid in view of the '470 patent. Equity requires that sumatriptan be protected by one patent—not two. Obviousness-type double patenting requires that the fact finder engage in many of the same factual inquiries required for obviousness. Accordingly, the double patenting issue cannot be disposed of by summary judgment.

### INEQUITABLE CONDUCT

Spectrum also asserts that GSK's conduct before the Patent Office in obtaining the patent in suit was inequitable. Spectrum has submitted expert reports concluding that GSK made material omissions from, and misleading statements and misrepresentations in, its disclosures to the Patent Office. Spectrum contends that the nature, content, and timing of the disclosures and omissions show that GSK acted with intent to deceive the Patent Office.

GSK has submitted expert reports (as well as testimony from fact witnesses during deposition) disputing both materiality and intent. These disputes of material fact render summary judgment inappropriate.

Respectfully,

Edmond D. Johnson  (Bar ID#2257)

EDJ/kw
cc:   Peter T. Dalleo, Clerk (By Electronic Filing)
      Jack B. Blumenfeld, Esquire (By Electronic Filing )

File No. 31510-1

626027v1