IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXO GROUP LTD. d/b/a/ GLAXOSMITHKLINE | : : : |
| Plaintiff and Counterclaim Defendant, | : : : |
| v. | :   C.A. No. 05-99-GMS |
| SPECTRUM PHARMACEUTICALS, INC., | : : : |
| Defendant and Counterclaim Plaintiff | : : |

## PLAINTIFF'S REPLY TO COUNTERCLAIM

Plaintiff and Counterclaim-Defendant Glaxo Group Ltd d/b/a GlaxoSmithKline ("GSK"), as and for its reply to the counterclaim of Defendant and Counterclaim-Plaintiff Spectrum Pharmaceuticals, Inc. ("Spectrum") in its "Answer and Counterclaim of Defendant-Counterclaimant Spectrum Pharmaceuticals, Inc." ("Answer"), avers as follows:

1. GSK admits the averments of paragraph 1.

2. GSK admits the averments of paragraph 2.

3. GSK denies the averments of paragraph 3, except admits that Spectrum purports to bring counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and that Spectrum purports to base jurisdiction over the subject matter of its counterclaims on 28 U.S.C. §§ 1331 and 1338(a). GSK further states that there is a controversy between GSK and Spectrum, and that Spectrum purports to base its declaratory judgment counterclaims upon the existence of that controversy.

4. GSK denies the averments of paragraph 4, except states that it does not contest venue.

5. GSK admits the averments of paragraph 5.

6. GSK admits the averments of paragraph 6.

7. GSK admits the averments of paragraph 7.

8. GSK admits the averments of paragraph 8.

9. GSK admits the averments of paragraph 9.

10. GSK admits the averments of paragraph 10.

11. GSK admits the averments of paragraph 11.

12. GSK denies the averments of paragraph 12, except states that it received a Notice of Paragraph IV Certification from Spectrum, dated July 27, 2006, which purported to set forth the factual and legal basis for Spectrum's Paragraph IV certification and refers to that Notice for its contents.

13. GSK admits the averments of paragraph 13.

14. GSK denies the averments of paragraph 14, except states that there exist actual and justiciable controversies between GSK and Spectrum.

15. GSK repeats and realleges each answer to each averment of paragraphs 1-14 as if set forth here verbatim.

16. GSK denies the averments of paragraph 16, except states that this count purports to seek a declaration that U.S. Patent No. 5,037,845 ("'845 patent") is invalid.

17. GSK denies the averments of paragraph 17.

18. GSK denies the averments of paragraph 18.

19. GSK denies the averments of paragraph 19.

20. GSK denies the averments of paragraph 20.

21. GSK denies the averments of paragraph 21.

22. GSK realleges each answer to each averment of paragraphs 1-21 as if set forth here verbatim.

23. GSK denies the averments of paragraph 23, except admits that this count purports to seek a declaration that Spectrum's Sumatriptan Injectable Product does not infringe any claim of the '845 patent.

24. GSK denies the averments of paragraph 24.

25. GSK realleges each answer to each averment of paragraphs 1-24 as if set forth here verbatim.

26. GSK denies the averments of paragraph 26, except admits that this count purports to seek a declaration that the '845 patent is unenforceable due to inequitable conduct.

27. GSK incorporates by reference its responses to the averments contained in the "First Amended Answer and Counterclaim of Defendant-Counterclaimant Spectrum Pharmaceuticals, Inc." filed on February 23, 2006 (D.I. 51) in the case of Glaxo Group Ltd d/b/a GlaxoSmithKline v. Spectrum Pharmaceuticals, Inc., Civil Action No. 05-99-GMS, currently pending in this Court. GSK's responses are contained in "Plaintiff's Reply to Defendant's Counterclaim" (D.I. 57), filed on March 8, 2005 in the same case.

28. GSK states that paragraph 28 fails to set forth averments that comply with Rule 8 of the Federal Rules of Civil Procedure and therefore no response is

required. To the extent a response is required, GSK denies any averments of paragraph 28.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Julia Heaney*
                Jack B. Blumenfeld (#1014)
                Julia Heaney (#3052)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                jheaney@mnat.com
                  Attorneys for Plaintiff
                  Glaxo Group Ltd., d/b/a GlaxoSmithKline

OF COUNSEL:

Evan R. Chesler
Richard J. Stark
David Greenwald
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019
(212) 474-1000

Robert L. Baechtold
Nicholas M. Cannella
Colleen Tracy
Leisa Smith
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY  10112-3801
(212) 218-2100

October 23, 2006
542624

CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on October 23, 2006, I caused the foregoing to be electronically filed the with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Edmond D. Johnson
> The Bayard Firm

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

> Edmond D. Johnson
> Peter B. Ladig
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> P.O. Box 25130
> Wilmington, DE 19899

**BY E-MAIL**

> Daniel G. Brown
> Frommer, Lawrence & Haug LLP
> 745 Fifth Avenue
> New York, NY 10151

*/s/ Julia Heaney*
Julia Heaney (#3052)
jheaney@mnat.com